**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| EDDIE R. TAYLOR, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00011-SNLJ |
| ) | |
| PEMISCOT COUNTY JUSTICE CENTER, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On June 23, 2020, the Court ordered plaintiff to file an amended complaint within thirty days. (Docket No. 5). Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

**Background**

Plaintiff is a self-represented litigant currently incarcerated at the Ozark Correctional Center in Fordland, Missouri. On January 13, 2020, he filed a civil action pursuant to 42 U.S.C. § 1983, naming the Pemiscot County Justice Center as the sole defendant. (Docket No. 1). Plaintiff also filed a motion for leave to proceed in forma pauperis. (Docket No. 2). In the complaint, plaintiff alleged that the Pemiscot County Justice Center failed to protect him from an assault by other inmates. As a result of this incident, plaintiff sought $250,000 in damages.

On June 23, 2020, the Court granted plaintiff's motion for leave to proceed in forma pauperis. (Docket No. 5). The Court also reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. In so doing, the Court determined that plaintiff's complaint was subject to dismissal. Specifically, the Court noted that the Pemiscot County Justice Center was not a legal entity

amenable to suit. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"). Furthermore, even if Pemiscot County was substituted as the proper defendant, plaintiff's allegations failed to state a valid municipal liability claim against it. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (stating that liability may attach against a governmental entity if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise").

Rather than dismissing the complaint outright, the Court directed plaintiff to file an amended complaint. The Court's order contained instructions on the drafting of an amended complaint, and the Clerk of Court was directed to send plaintiff a prisoner civil rights complaint form. Plaintiff was given thirty days in which to comply, and advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice.

## Discussion

As noted above, on June 23, 2020, the Court ordered plaintiff to file an amended complaint within thirty days. The amended complaint was due by July 24, 2020. In the order, plaintiff was advised that failure to comply with the Court's order would result in the dismissal of this action without prejudice and without further notice.

The deadline for plaintiff to file his amended complaint has expired. In fact, the Court has given plaintiff substantially more than thirty days in which to respond. Nonetheless, plaintiff has failed to file an amended complaint as directed. He has also failed to file a motion with the Court seeking an extension of time in which to comply. Indeed, since the filing of his certified inmate account statement, the Court has had no further communications from plaintiff whatsoever.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of June 23, 2020, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of June 23, 2020. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this  25th  day of   August      , 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE